# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATE OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHNNYLEE PRESTON BURK,<br><br>Defendant. | Case No. 3:15-cr-00022-RRB-DMS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AT DOCKET 106** |

Having reviewed the Magistrate Judge's Initial Reports and Recommendations (Dockets 77, 81, and 160) regarding Defendant's Motions to Suppress Evidence (Dockets 33, 38, and 106), in conjunction with the parties' Objections and Responses (Dockets 80, 86, 102, 104, 166, 169), the Magistrate's previous Final Report and Recommendation (Docket 95), and the current Final Report and Recommendation (Docket 170), the Court hereby **ACCEPTS** and **ADOPTS** the Final Report and Recommendation at Docket 170 in its entirety. It is very thorough and well-reasoned.

Like the Magistrate Judge, the Court relies upon the Supreme Court's decision in *Florida v. Royer*. 460 U.S. 491 (1983) (plurality opinion). While it is a plurality opinion, *Royer* is nonetheless instructive and on point regarding the critical issue in this matter. Just as the initially lawful *Terry* stop in *Royer* transformed into an unlawful arrest through the seizure of the defendant's travel documents and his transportation to a small airport holding room, the detainment and transportation of Defendant away from his vehicle in this matter was unlawful. In both cases, the removal of the defendant did not further the investigative purpose of the *Terry* stop and was "more intrusive than necessary" *Id*. at 504.

Moreover, the replaced GPS tracker[1] was utilized within almost 24 hours of the illegal arrest to facilitate the targeted traffic stop of Defendant which yielded the methamphetamine central to this case. The chronological proximity of the traffic stop and its relationship to the illegal arrest, without attenuation or an intervening event of significance, requires suppression of the discovered methamphetamine. *See United States v. Shetler*, 665 F.3d 1150, 1157 (9th Cir. 2011).

Finally, the Court notes that its decision turns solely on the matter of the illegal arrest. The Court makes no ruling as to any of the other procedural actions that have been raised by Defendant in his several motions.

Therefore, Defendant's Supplemental Motion at **Docket 106** to suppress the methamphetamine that underlies the present Indictment, consisting of one count of Possession of a Controlled Substance with Intent to Distribute, is **GRANTED**. The Defendant's First and Second Motions to Suppress at **Dockets 33** and **38** are **DENIED** as moot.

**IT IS SO ORDERED** this 22nd day of March, 2016.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[1] While replacement of the GPS tracker may have been legally accomplished without removing Defendant from the scene, that issue need not be addressed here for law enforcement chose to pursue a more intrusive alternative.